FILED BY _____ D.C.

96 NOV 27 PM 3:57

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

96-3433

JERRY HATCHETT,

      Plaintiff,

CASE NO.

v.

ONTEL PRODUCTS
CORPORATION,
a New Jersey corporation,

**COMPLAINT FOR
PATENT INFRINGEMENT**

      Defendant.

_____/

    Plaintiff, Jerry Hatchett, ("Hatchett") sues Defendant, Ontel Products Corporation, ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

    1.    This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.

    2.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1338.

    3    Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b) and (c) and § 1400(b).

    4.    This cause of action arose in Dade County, Florida.



## PARTIES

5. Plaintiff, Hatchett is an individual and resident of the State of Mississippi, having a place of residence in Tupelo, Mississippi.

6. Defendant, Ontel Products Corporation, is a New Jersey corporation and has conducted business within the judicial district of this Court.

## NATURE OF THE ACTION

7. Jerry Hatchett and Debra L. Meredith ("the inventors") conceived of, designed, and invented a hand-shaped hair styling device to be used for creating a variety of braids and similar hairstyles.

8. On January 30, 1995, the inventors applied for a patent on their invention, and on November 19, 1996 United States Letters Patent No. 5,575,297 (the "'297 Patent") was duly and legally issued to the inventors for the invention entitled "Hair Braiding Device". A copy of the '297 Patent is attached hereto as Exhibit "A."

9. The Plaintiff, Hatchett owns all right, title and interest in the '297 patent by virtue of assignment.

10. The Defendant introduced and delivered infringing products into the stream of commerce with the expectation that they would be purchased and used by buyers and consumers in the state of Florida.

11. The Defendant has been and presently is infringing the '297 Patent by making, selling, marketing and/or using a hair styling device covered by one or more claims of the '297 Patent, particularly Claims 1 and 9 of the '297 Patent, within the Southern District of Florida and elsewhere within the United States, and will continue to do so unless enjoined by this Court.

12. Defendant's infringing product is known as "Braid Master". Attached hereto as Exhibit "B" is a copy of product packaging that depicts and describes the Defendant's Braid Master product.

13. The Defendant has been, and presently is, intentionally and actively inducing infringement of the '297 Patent within the Southern District of Florida and elsewhere within the United States, and will continue to do so unless enjoined by this Court.

14. The Defendant knew, or should have known, that it was contributing to the infringement of the '297 Patent, and the Defendant knows, or should know, that it presently is contributing to the infringement of the '297 Patent.

15. The Defendant has been, and presently is, infringing the '297 Patent under the doctrine of equivalents.

16. Defendant's infringement has, and will continue to, deprive Hatchett of sales, profits and marketing of his patented product.

17. The Defendant's infringement of the '297 Patent is willful and wanton, justifying the imposition of treble damages.

18. Hatchett retained the undersigned counsel to file this claim, and is obligated to pay his counsel a reasonable fee for legal services.

19. All conditions precedent to the filing of this claim have been performed or waived.

WHEREFORE, Plaintiff Jerry Hatchett prays that this Court:

    a.    award Plaintiff compensatory damages, in an amount to be determined, pursuant to 35 U.S.C. § 284;

    b.    award Plaintiff treble damages as a result of Defendant's willful infringement, pursuant to 35 U.S.C. § 284;

    c.    award Plaintiff interest, costs and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

    d.    issue an injunction against the Defendant preventing its continued infringement; and

    e.    grant such other and further relief as this Court deems just and proper.

## Demand For Trial By Jury

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

Dated at Miami, Dade County, Florida, this 27th day of November, 1996.

                HERMAN ROOF BORGOGNONI & MOORE
                Attorneys for Plaintiff
                NationsBank Tower
                100 Southeast Second Street
                Suite 2600
                Miami, Florida 33131
                Tel: (305) 377-2200
                Fax: (305) 577-4234

By: _____
     JEFFREY M. HERMAN
     Florida Bar No. 521647

f:\data\clients\hatchett\ple\complain

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE